# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN PEREZ,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents*.

2:10-cv-01181-JCM-LRL

ORDER

    This habeas matter comes before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

    Petitioner's papers are subject to multiple defects.

    First, petitioner did not either pay the filing fee or submit an application to proceed *in forma pauperis*. Petitioner first must satisfy the filing fee requirement or obtain leave to proceed *in forma pauperis* in order to commence a habeas action in federal court.

    Second, the petition is presented on a state habeas petition form and is captioned for and directed to the Eighth Judicial District Court in and for Clark County, Nevada. It thus appears that petitioner improperly has filed a state petition with the clerk of the federal district court. Petitioner must file a state petition with the state district court clerk. Filing a state petition with the federal district clerk has no effect, in either court.

    Third, even if, *arguendo*, petitioner instead currently intends to seek federal habeas relief in federal district court, he must use this court's required forms for both the pauper application and the petition.

Fourth, from the procedural history given, it does not appear that petitioner has exhausted his state judicial remedies in the Nevada state courts. See #1, at 2, responses to queries 10-14. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991). A federal petition that is completely unexhausted in the state courts is subject to immediate dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

Given the multiple defects presented, the action will be dismissed without prejudice.

If petitioner wishes to seek federal habeas relief rather than relief in the state courts at this point in time, he will need to file a new pauper application and a new petition on the proper forms with all required attachments in a new action. Petitioner is informed that a one year federal limitation period applies to a federal habeas petition seeking to challenge a state prison administrative disciplinary decision. *See Shelby v. Bartlett*, 391 F.3d 1061 (9th Cir. 2004).

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of the action without prejudice to be either debatable or wrong.

IT FURTHER IS ORDERED that the clerk of court shall add Catherine Cortez Masto as counsel for respondents and shall electronically serve the order and judgment together with the petition upon her office. No response is required from respondents in this dismissed

1  action other than to respond to any orders of a federal reviewing court should the matter be
2  appealed.
3    The clerk of court shall enter final judgment accordingly, dismissing this action without
4  prejudice.
5    DATED:   July 29, 2010.

_____
JAMES C. MAHAN
United States District Judge